JUDGE BUCHWALD

James A. Prestiano, Esq. (JP-6699)
THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.
631 Commack Road, Suite 2A
Commack, New York 11725
Tel. No. (631) 499-6000
Fax. No. (631) 499-6001
*Attorneys for Plaintiff Robin Smith*

ECF Case

08 CV 01692

(NRB) (DF)

RECEIVED
FEB 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBIN L. SMITH,

                 Plaintiff,

   -against-

NORTIA CAPITAL PARTNERS, INC.,

                 Defendant.

-------------------------------------------------------------------x

**COMPLAINT**

ROBIN L. SMITH (the "plaintiff") by and through her attorneys The Law Offices of James A. Prestiano, P.C. with offices located at 631 Commack Road, Suite 2A, Commack, New York 11725 hereby alleges, upon information and belief, for her Complaint against NORTIA CAPITAL PARTNERS, INC. ("Nortia" or the "defendant") as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for a judgment directing Nortia to cause its transfer agent, Florida Atlantic Stock Transfer, Inc. ("FAST") effect and record a transfer of plaintiff's shares of Nortia and to issue a new stock certificate to plaintiff without a restrictive legend. Plaintiff also assets claims against defendants for damages arising from their wrongful conduct based on claims of conversion, violation of the Nevada Uniform Commercial Code and negligence.

2. Plaintiff acquired an aggregate amount of 1,620,000 shares of Nortia common stock, $.001 par value (the "Shares"), pursuant to a pledge agreement. The shares acquired by plaintiff were embossed with a restrictive legend.

3. On January 28, 2008, plaintiff submitted a request, accompanied by an opinion of counsel, to FAST, requesting that the Shares be transferred into plaintiff's name and that a new stock certificate, representing the Shares, be issued to plaintiff without a restrictive legend. Plaintiff satisfies all of the requirements prescribed be Rule 144, promulgated under the Securities Act of 1933, thus, plaintiff has the legal right to have the Shares transferred into her name and have the restrictive legend removed.

4. On January 29, 2008, counsel for Nortia submitted a letter to FAST directing FAST to deny plaintiff's request and to return the share certificates to the party who delivered them to FAST.

5. Plaintiff submits that defendant does not have any legal basis for refusing to transfer the Shares as requested by plaintiff and without a restrictive legend.

6. It is submitted that defendant wrongfully prevented the transfer of the Shares as requested by plaintiff. Based on defendant's wrongful conduct the plaintiff has suffered damages.

7. Plaintiff respectfully requests that the Court issue a declaratory judgment directing defendant to cause FAST to transfer the Shares into plaintiff's name and to issue a new stock certificate to plaintiff representing the Shares, and such new stock certificate should not be embossed with a restrictive legend. Plaintiff also requests a judgment holding defendant liable for the damages suffered by plaintiff in an amount to be determined at the

trial of this matter, plus the costs and expenses of this action, including attorney's fees and for such other and further relief as the court deems appropriate.

## THE PARTIES

8.  Robin L. Smith ('plaintiff'), is an individual residing in New York, New York. Plaintiff is not now and never has been an affiliate of Nortia.

9.  Nortia Capital Partners, Inc. ("Nortia" or the "defendant"), is a corporation organized and existing under the laws of the State of Nevada with it principal offices located at 400 Hampton View Court, Alpharetta, Georgia 30004.

## RELATED NON-PARTIES

10. William J. Bosso ("Bosso"), an individual residing in Alpharetta, Georgia. Bosso is the Chairman and Chief Executive Officer of Nortia. Upon information and belief, Bosso owns and/or controls at least 15% of the issued and outstanding shares of Nortia's common stock.

## JURISDICTION

11. The Court has federal question jurisdiction over this matter under 28 U.S.C. Section 1331 pursuant to 28 U.S.C. Sections 2201 and 2202 and 17 C.F.R. Section 230.144(k). This Court also has ancillary jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. Section 1367.

3

12. The Court also has diversity jurisdiction over this matter under 28 U.S.C. Section 1332, because:

    a. plaintiff is a resident of New York;

    b. defendant is a corporation organized and existing under the laws of the State of Nevada and its principal place of business is in Georgia; and

    c. the value of the Shares exceeds $75,000.

13. Venue lies in this district under the provisions of 15 U.S.C. Section 77v(a) and 28 U.S.C. Section 1391, because among other things a substantial part of events, representations and omissions giving rise to the claims occurred in this District.

14. In connection with the acts, conduct, and combinations alleged in this Complaint, defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails, and telephone communications.

## STATEMENT OF FACTS

15. As of June 21, 2007, plaintiff had loaned and/or advanced an aggregate amount of approximately $261,000 to an individual (the "Pledgor"). The loan was memorialized In a Secured Promissory Note, dated June 21, 2007, by and between Pledgor, as maker and plaintiff, as holder (the "Note"). Pursuant to the Note, the Pledgor had to pay to the plaintiff approximately $261,000 plus interest on or before December 21, 2007. The Pledgor was personally liable for all sums due and owning under the Note.

16. The Note was secured by a pledge agreement, dated June 21, 2007, between the Pledgor and the plaintiff, under which the Pledgor pledged the Shares to the plaintiff as collateral for the Note (the "Pledge").

17. At the time of the Pledge, the Pledgor was the President and a Director of Nortia. However, on July 30, 2007, Pledgor resigned from all positions he held with Nortia.

18. Pursuant to the Pledge, the Shares were transferred by Pledgor into two (2) stock certificates in the names of Pledgor and plaintiff as joint tenants. Specifically, Nortia Certificate No. 6724 for 220,000 shares of Norita's common stock, $.001 par value and Nortia Certificate No. 6725 for 1,400,000 shares of Nortia's common stock, $.001 par value.

19. Pledgor defaulted on the Note, in that Pledgor failed to pay all amount due and owing under the Note on or before December 21, 2007.

20. In accordance with the Pledge, on January 25, 2008, the Pledgor surrendered the Shares to plaintiff.

21. On January 28, 2008, plaintiff submitted a request to FAST to transfer the Shares currently in the name of Pledgor and plaintiff as joint tenants and reflected by Nortia Certificate No. 6724 for 220,000 shares, and Nortia Certificate No. 6725 for 1,400,000 shares into plaintiff's name and that the new stock certificate, representing the Shares, be issued to plaintiff without a restrictive legend embossed thereon.

22. Plaintiff's request was accompanied by an opinion of counsel stated that plaintiff satisfied all of the requirements of Rule 144(k) and that the restrictive legend on the Shares should be removed in accordance with Rule 144(k).

23. The opinion of counsel provided to FAST, on plaintiff's behalf, stated, in pertinent part, that:

> Rule 144(k) provides that a person who has not been an affiliate of [Nortia] for at least three (3) months and who has held the securities for at least two (2) years may sell those securities without complying with the limitations imposed by Sections 144(c), 144(e), 144(0 and 144(h) of Rule 144.
>
> The [plaintiff] has represented that she has not been an affiliate of [Nortia] for at least the past three (3) months, that [Pledgor] has held the Shares since at least October 2004, and that the [plaintiff], after tacking the holding period of [Pledgor], has held the Shares for at least two (2) years. *See* [Plaintiff's] Rep.
>
> Based on the information we have reviewed, including the [plaintiff's representation letter], the Secured Promissory Note, dated June 21, 2007 between [Pledgor] and [plaintiff] (the "Note") and the Pledge Agreement, dated June 21, 2007 between [Pledgor] and [plaintiff], it appears that the pledge of the Shares by [Pledgor] as collateral for the Note was a bone fide pledge. Accordingly, we are of the opinion that the [plaintiff] is entitled to tack the holding period of [Pledgor] in the Shares. *See* Rule 144(d)(3)(iv). Thus, the [plaintiff] has held the Shares for at least two (2) years since the date of this letter.
>
> We do not know of any reasons why the restrictive legend currently embossed on the Shares may not be removed in accordance with the provisions of Rule 144(k), and unless you are aware of circumstances unknown to us which would preclude the [plaintiff's] reliance upon Rule 144(k), we do hereby request that you to remove the restrictive legend from the Shares and issue and deliver a new stock certificate representing 1,620,000 shares of [Nortia's] common stock, $.001 par value, to [plaintiff] without any restrictive legend for sale in compliance with Rule 144(k). The new certificate should be issued without investment legend, notwithstanding any prior instructions to you to the contrary.

24. On January 28, 2008, the closing stock price of the common stock of Nortia was $.40 per share. Accordingly, the value of the Shares on January 28, 2008, was approximately $648,000. Since January 28, 2008, the value of the common stock of Nortia has decreased precipitously. On February 19, 2008, the stock price of Nortia common stock

was quoted at $.26 per share. Thus, based on defendant's wrongful actions the Shares have decreased in value more than $225,000.

25. On January 30, 2008, the plaintiff was notified by FAST that Nortia denied plaintiff's requests contained in her January 28, 2008 request and that Nortia instructed FAST to return the share certificates to the party who delivered them to FAST.

26. Nortia's counsel's letter, dated January 29, 2008, argued that plaintiff's request was denied because Pledgor was a holder of more than 10% of Nortia's issued and outstanding shares of common stock.

27. Plaintiff submits that there is no legal basis for which defendant can restrict or prevent the transfer of the Shares into plaintiff's name. Plaintiff submits, further, that pursuant to Rule 144(k), promulgated under the Securities Act of 1933, plaintiff is entitled to have the restrictive legend removed from the Shares.

28. Upon information and belief defendant wrongfully denied plaintiff's request and defendant is improperly restricting the transfer of the Shares as requested by the plaintiff.

29. Upon information and belief, Bosso, and possibly others, are restricting the transfer of the Shares as requested by plaintiff so that he can force the Pledgor to sell Bosso and/or his affiliate the Shares for less than the true value of the Shares.

30. Upon information and belief Nortia's counsel is allegedly holding money in escrow that Bosso and/or his affiliate plan to use to purchase the Shares from the Pledgor.

31. Based on the foregoing, it is respectfully submitted that this Court should issue a declaratory judgment directing defendant to cause FAST to transfer the Shares into plaintiff's name and to issue a new stock certificate to plaintiff representing the Shares, and such new stock certificate should not be embossed with a restrictive legend.

32. Plaintiff requests, further, that the Court should grant plaintiff a money judgment against defendant for all damages suffered by plaintiff as a result in the decrease of the value of the Shares plus all costs and expenses incurred by plaintiff, including attorney's fees, in enforcing her rights, and for such further relief as the Court deems just and proper.

## FIRST CLAIM FOR RELIEF
## FOR A DELCARATORY JUDGMENT DIRECTING NORTIA
## TO TRANSER THE SHARES IN ACCORDANCE WITH
## PLAINTIFF'S REQUEST WITHOUT ANY RESTRICTIVE LEGEND

33. All preceding paragraphs are incorporated by reference as if fully set forth here.

34. Plaintiff is the legal owner of the Shares and she is entitled to have the Shares put in her own name.

35. It is submitted that plaintiff satisfied all of the requirements under Rule 144(k) to have the restrictive legend removed from the Shares.

36. Accordingly, plaintiff is entitled to have the Shares transferred into her own name and have the restrictive legend removed from the Shares in accordance with Rule 144(k).

37. Pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 2201 and 2201, plaintiff requests that the Court issue a declaratory judgment that plaintiff has satisfied all of the requirements of Rule 144(k) and that plaintiff is entitled to have the Shares transferred into plaintiff's name and that plaintiff's new stock certificate should not be embossed with a restrictive legend.

38. The declaratory judgment should also direct defendant to cause FAST to transfer the Shares into plaintiff's name and to issue a new stock certificate to plaintiff representing the Shares, and such new stock certificate should not be embossed with a restrictive legend.

## SECOND CLAIM FOR RELIEF
## FOR CONVERSION

39. All preceding paragraphs are incorporated by reference as if fully set forth here.

40. Defendant has wrongfully restricted plaintiff's request to transfer the Shares and to remove the restrictive legend.

41. At the time plaintiff requested the transfer, the plaintiff was the lawful owner of the Shares.

42. By refusing plaintiff's request, defendant exercised unauthorized dominion over the Shares.

43. Plaintiff has been damaged as a direct result of defendant's wrongful conduct. Since plaintiff made her request to transfer the Shares the value of the Shares has decreased more than $225,000.

44. Based on the foregoing the defendant has improperly converted the Shares. Plaintiff respectfully requests the Court to grant plaintiff a judgment against the defendant for all damages suffered by plaintiff as a result of defendant's conversion of the Shares, including but not limited to the decrease in the value of the Shares and the costs and expenses, including attorney's fees, incurred by plaintiff in enforcing her rights.

## THIRD CLAIM FOR RELIEF
## FOR VIOLAITON OF THE UNIFORM COMMERCIAL CODE

45. All preceding paragraphs are incorporated by reference as if fully set forth here.

46. Since defendant is organized and existing under the laws of the State of Nevada, it is submitted that the Uniform Commercial Code of the State of Nevada (the "UCC") is applicable to plaintiff's claims asserted herein.

47. In refusing to transfer the Shares as requested by plaintiff, the defendant has violated the Article 8, Section 401 of the UCC. See Nevada Revised Statutes 104.8401 (Duty of issuer to register transfer).

48. By refusing plaintiffs request to transfer the Shares, the plaintiff has been damaged.

49. Since plaintiff made her request to transfer the Shares the value of the Shares has decreased more than $225,000.

50. Based on the foregoing the defendant has violated the UCC by failing to transfer the Shares as requested by plaintiff. Accordingly, plaintiff respeetfully requests the Court to grant plaintiff a judgment against the defendant for all damages suffered by plaintiff as a result of defendant's wrongful conduct, including but not limited to the decrease in the value of the Shares and the costs and expenses, including attorney's fees, incurred by plaintiff in enforcing her rights.

## FOURTH CLAIM FOR RELIEF
## NEGLGENCE

51. All preceding paragraphs are incorporated by reference as if fully set forth here.

52. It is submitted that the defendant had a duty to transfer shares of its stockholders upon due request in accordance with applicable laws.

53. Plaintiff made a proper request to transfer the Shares and to have the restrictive legend removed in accordance with applicable law.

54. Defendant was negligent and/or reckless in failing to transfer the Shares as requested by plaintiff.

55. Plaintiff has been damaged as a direct result of defendant's negligent and/or reckless conduct. Since plaintiff made her request to transfer the Shares the value of the Shares has decreased more than $225,000.

56. Based on the foregoing, plaintiff respectfully requests the Court to grant plaintiff a judgment against the defendant for all damages suffered by plaintiff as a result of defendant's negligence, including but not limited to the decrease in the value of the Shares and the costs and expenses, including attorney's fees, incurred by plaintiff in enforcing her rights.

**WHEREFORE**, Plaintiffs pray for a judgment against the defendants as follows:

I. On the First Claim for Relief: Plaintiff respectfully requests that the Court issue a declaratory judgment:

    a. that plaintiff has satisfied all of the requirements of Rule 144(k) and that plaintiff is entitled to have the Shares transferred into plaintiff's name and that plaintiff's new stock certificate should not be embossed with a restrictive legend; and

    b. directing defendant to cause FAST to transfer the Shares into plaintiff's name and to issue a new stock certificate to plaintiff representing the Shares, and such new stock certificate should not be embossed with a restrictive legend;

II. On the Second Claim of Relief: damages in an amount to be determined at trial, but at least $225,000;

III. On the Third Claim for Relief: damages in an amount to be determined at trial, but at least $225,000;

IV. On the Fourth Claim for Relief: damages in an amount to be determined at trial, but at least $225,000, plus expenses and punitive damages as determined by the Court; and

V. Plaintiffs' costs and expenses incurred in connection with this action, including attorney's fees, and for such other relief as the Court deems appropriate.

## JURY DEMAND

The plaintiff respectfully demands a trial by jury.

Dated: Commack, New York
February 20, 2008

                       THE LAW OFFICES OF
                       JAMES A. PRESTIANO, P.C.

                       James A. Prestiano, Esq. (JP-6699)
                       *Attorney for Plaintiff Robin L. Smith*
                       631 Commack Road, Suite 2A
                       Commack, New York 11725
                       (631) 499-6000

State of New York    )
                     )
County of New York   )

BEFORE ME, the undersigned Notary Public, Robin L. Smith personally appeared on February 20, 2008. After being duly sworn by the undersigned Notary Public, she deposed and stated that I am the plaintiff in this action, that I have read this Complaint, and that the facts stated in the Complaint are tree of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Robin L. Smith

Subscribed and sworn to before me on
February 20, 2008 at New York, New
York, to certify which, witness my hand
and official seal.

_____
Notary Public

EMILY ROSE SEVILLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SE6145412
Qualified in New York County
My Commission Expires May 08, 2010

13

James A. Prestiano, Esq. (JP-6699)
THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.
631 Commack Road, Suite 2A
Commack, New York 11725
Tel. No. (631) 499-6000
Fax. No. (631) 499-6001
*Attorneys for Plaintiff Robin L. Smith*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

ROBIN L. SMITH,

                Plaintiff,

    -against-

NORTIA CAPITAL PARTNERS, INC.,

                Defendant.
-------------------------------------------------------------

ECF Case

08 cv 01692
(NRB) (DF)

# COMPLAINT