UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN L. SMITH,   Case No. 08 CV 01692 (NRB) (DF)

    Plaintiff,

v.

NORTIA CAPITAL PARTNERS, INC.,

    Defendant.
_____/

## AFFIDAVIT OF WILLIAM J. BOSSO

BEFORE ME, the undersigned authority, personally appeared William J. Bosso, who after first being duly sworn under oath, deposes and states as follows:

1.    My name is William J. Bosso. I am over twenty-one years of age and have full knowledge of the facts contained herein.

2.    I am the Chief Executive Officer of Nortia Capital Partners, Inc. ("Nortia").

3.    Nortia is a corporation organized and existing under the laws of the State of Nevada, with its principal offices located in Alpharetta, Georgia.

4.    To the best of my knowledge, other than to the limited extent described below, Nortia does not conduct any business in the State of New York. Nortia business that was conducted in the State of New York during 2007 and 2008 did not generate any revenue for Nortia. Further, none of the limited business involved Robin L. Smith ("Smith"), the Plaintiff in this action.



*Smith v. Nortia Capital Partners, Inc.*
CASE NO.: 08-CIV-01692-BUCHWALD
Affidavit of William J. Bosso

5. Other than one employee for seven months at most, as will be described below, Nortia has not had any agents or employees who have resided in the State of New York.

6. Nortia does not have any agents for service of process in the State of New York.

7. Nortia does not have any bank accounts in the State of New York.

8. Nortia does not own any real or personal property in the State of New York.

9. Nortia has never paid taxes in the State of New York.

10. From February, 2006 to January, 2007, Nortia subleased an office within Suite 460 of 230 Park Ave., New York, NY 10017, pursuant to a verbal month-to-month lease. During that time period, Nortia used that office for business purposes no more than two times per month on average. No employee or agent of Nortia was ever physically present in that office on a routine and daily basis.

11. A company named Friedland Investment Events, LLC ("Friedland"), which is now headquartered in New Jersey, subleased a different office within Suite 460 of 230 Park Ave., New York, NY 10017, pursuant to a verbal month-to-month lease. I do not know when, if at all, Friedland stopped using the above-described office space.

12. From January, 2007 to April 18, 2008, Nortia did not have an office anywhere in the State of New York.

*Smith v. Nortia Capital Partners, Inc.*
CASE NO.: 08-CIV-01692-BUCHWALD
Affidavit of William J. Bosso

13. In March, 2008, Nortia signed a sublease for office space in New York, New York. That sublease was contingent upon written approval thereof by the landlord. The landlord provided its written approval thereof on April 18, 2008.

14. The telephone number (212) 286-4509, which is listed on Nortia's website, www.nortiacapital.com, was disconnected in June, 2007. Prior to that time, that telephone number was set up to ring directly to voicemail. From June, 2007 to the present, Nortia has not had a New York telephone number.

15. During 2007, I traveled to New York to conduct Nortia business approximately six times. Each trip would last no more than three days. To date during 2008, I have traveled to New York to conduct Nortia business three times. Each trip has lasted no more than three days.

16. During 2007, prior to his forced resignation from Nortia on July 30, 2007, another employee of Nortia, Matthew Henninger ("Henninger"), resided in New York. At that time, Henninger was, and to the best of my knowledge, continues to be, the live-in boyfriend of Smith. Henninger is the "Pledgor" referenced in paragraph 15 of the Complaint in this action. Other than telephone conversations with me while I was not physically located in the State of New York, I do not know the extent to which, if at all, Henninger conducted Nortia business in New York prior to his forced resignation from Nortia.



*Smith v. Nortia Capital Partners, Inc.*
CASE NO.: 08-CIV-01692-BUCHWALD
Affidavit of William J. Bosso

17. In 2007, Nortia's Chief Financial Officer, Bruce Hall, made one trip to New York on Nortia business. That trip lasted two days.

18. During 2007 and 2008, I had telephonic and written contact with prospective investors in Nortia in New York on a sporadic basis.

19. During 2007, I had telephonic contact with a business prospect in New York one or two times per month, and written contact with that prospect two to four times per month. In 2008, my telephonic contact with this prospect has changed to one or two times per week, and the written contact has changed to two to four times per week.

20. On January 8, 2008, Nortia purchased Friedland. The law firm of Patton Boggs LLP ("Pattton Boggs"), which has an office in New York, represented Nortia in that transaction. Nortia had been using the Denver, Colorado office of Patton Boggs for legal services, but used the New York office of that firm for that transaction upon the advice of the attorney servicing Nortia's account in Denver. Patton Boggs also represented Nortia with respect to the 2008 sublease of office space described above.

21. Other than Patton Boggs, Nortia has not employed the services of any other attorneys in New York (with the exception of this action).



*Smith v. Nortia Capital Partners, Inc.*
CASE NO.: 08-CIV-01692-BUCHWALD
Affidavit of William J. Bosso

FURTHER AFFIANT SAYETH NAUGHT

_____
WILLIAM J. BOSSO

STATE OF GEORGIA
COUNTY OF FULTON

BEFORE ME, the undersigned authority, personally appeared **William J.** Bosso, who after first being duly sworn under oath, deposes and says that the above is true and correct and who is:

1. Personally known to me.

2. Produced _Georgia Drivers Lisence_ as identification.

**DATED** this _21_ day of April, 2008.

_Carolyn D. Kotun_
**NOTARY PUBLIC**
**State of Georgia at Large**

_Carolyn D. Kotun_
**Printed Name of Notary**
**My Commission Expires:**     Notary Public, Fulton County, Georgia
My Commission Expires Sept. 23, 2010

IN THE CIRCUIT COURT IN THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 08006738

FLORIDA ATLANTIC STOCK TRANSFER, INC.,

    Plaintiff,

vs.

ROBIN L. SMITH and NORTIA CAPITAL PARTNERS, INC.,

    Defendants.

_____/



A TRUE COPY
FEB 14 2008
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

### INTERPLEADER COMPLAINT

Plaintiff, FLORIDA ATLANTIC STOCK TRANSFER, INC., (F.A.S.T.), a Florida corporation, sues ROBIN L. SMITH and NORTIA CAPITAL PARTNERS, INC., and says:

1. This is an interpleader action involving securities whose value exceed $15,000.00.

2. Plaintiff is a stock transfer agent doing business in Broward County, Florida.

3. This interpleader action involves a dispute in connection with two stock certificates (the "Certificates"), representing 1,620,000 shares of common stock (the "Shares"), issued by Defendant NORTIA CAPITAL PARTNERS, INC.

4. Defendant ROBIN L. SMITH has demanded that Plaintiff remove a restrictive legend from the Certificates and issue new stock certificates for the Shares without a restrictive legend and in the name of Defendant ROBIN L. SMITH alone.

5. Defendant NORTIA CAPITAL PARTNERS, INC. has advised Plaintiff not to comply with the demand of Defendant ROBIN L. SMITH to remove the restrictive legend from the Certificates and instead has demanded that Plaintiff return the Certificates to the party who delivered the Certificates to Plaintiff.

6. Plaintiff has no interest in the Shares represented by the Certificates and did not cause the conflicting claims between Defendants.

7. Plaintiff cannot determine whether the legend should or should not be placed on the Certificates, and who is entitled to the Certificates, and runs the risk of liability to one of the Defendants if Plaintiff were to follow the demands of the other Defendant.

8. Plaintiff is obligated to pay its attorney a reasonable fee for services and is entitled to recover its attorneys' fees from the non-prevailing party.

WHEREFORE Plaintiff demands an order of interpleader, a judgment in favor of Plaintiff for its attorneys' fees and costs, and for such further relief as this court deems just and proper.

Dated: February 14, 2008.

LAW OFFICES OF STEVEN J. JACOBSON, P.A.
Attorney for Plaintiff
5701 North Pine Island Road
Suite 320
Fort Lauderdale, FL 33321
Phone (954) 726-6626; Fax (954) 720-5982

By: _____
J. Steven Warner, Esq.
Fla. Bar Number 337331

C:\Documents and Settings\JSW Documents\FAST v. North Capital\FAST v North Capital Interpleader Complaint.doc