Jennifer L. Saffer (JS8015)
**J.L.Saffer, P.C.**
*Attorneys for Nortia Capital Partners, Inc.*
20 Vesey Street, 7th Floor
New York, New York 10007
Tel.: 212-608-6968
Fax: 212-608-1878

Craig A. Rubinstein (CR2533)
**Katzman, Wasserman, Bennardini & Rubinstein, P.A.**
*Attorneys for Nortia Capital Partners, Inc.*
7900 Glades Road, Suite 140
Boca Raton, Florida 33434
Tel.: (561) 477-7774
Fax: (561) 477-7447

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

ROBIN L. SMITH,                                   ECF CASE

     Plaintiff,                              CASE NO. 08 CV 01692 (NRB) (DF)

v.

NORTIA CAPITAL PARTNERS, INC.,

     Defendant,

_____/


**MEMORANDUM OF LAW OF NORTIA CAPITAL PARTNERS, INC. IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE DEMANDS FOR ATTORNEYS' FEES AND PUNATIVE DAMAGES**


Dated: New York, New York
     May 8, 2008

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

Nortia Capital Partners, Inc. ("Nortia"), by and through its undersigned counsel, and pursuant to *Fed. R. Civ. P.* 12(b)(2), (6) and (7), 12(e), and *S. D. N.Y. L. R.* 7.1, hereby makes this special and limited appearance, and files this Motion to Dismiss the Complaint, or in the Alternative, Motion for More Definite Statement and Motion to Strike Demands for Attorneys' Fees and Punitive Damages, and in support thereof states:

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    This Court Should Dismiss the Complaint Due to a Lack of Personal
        Jurisdiction Over Nortia. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.    The Complaint Fails to Allege Any Facts Establishing
               This Court's Personal Jurisdiction Over Nortia, a
               Foreign Corporation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    Plaintiff Cannot Establish Personal Jurisdiction
               Pursuant to CPLR §301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        3.    Plaintiff Cannot Establish Personal Jurisdiction
               Pursuant to CPLR §302. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    This Court Should Yield Jurisdiction to the Florida Court. . . . . . . . . . . . . . . . . . 7

        1.    Florida First Obtained Jurisdiction Over the Res. . . . . . . . . . . . . . . . . . 7

        2.    Wise Judicial Administration and Convenience
               Require that this Court Relinquish Jurisdiction. . . . . . . . . . . . . . . . . . . . 9

    C.    The Complaint Should Be Dismissed for Failure to Join
        Indispensable Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D.    The Complaint Fails to State a Cause of Action for Negligence. . . . . . . . . . . . 13

        1.    Standard for Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        2.    The Complaint Fails to Allege Facts Establishing the
               Existence of a Legal Duty Owed by Nortia to the
               Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        3.    The Allegations of Recklessness Should Be Stricken
                Because Recklessness is Not an Element of
               Negligence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

E.    Plaintiff's Demand for Punitive Damages Should be Stricken. . . . . . . . . . . . . . 15

F.    Plaintiff Lacks Any Basis in Law or Contract to Make a Demand for
      Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

## <u>TABLE OF AUTHORITIES</u>

*Amron v. Morgan Stanley Investment Advisors, Inc.,*
    464 F.3d 338, 344 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Arrowsmith v. United Press Int'l.,*
    320 F.2d 219, 221 (2d Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Beacon Enterprises, Inc. v. Menzies*,
    715 F.2d 757, 764 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Colorado River Water Conservation v. U.S.,*
    424 U.S. 800, 817,  96 S.Ct. 1236, 1246,  47L.Ed.2d 483 (1976) . . . . . . . . . . . . . . . . . . . . . . 9

*Gaisi v. Gaisi,*
    852 N.Y.S.2d 394, 395 (N.Y. App. Div. 2nd Dept., 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
    763 F.2d 55 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Jackson v. Oppenheim,*
    533 F.2d 826, 831 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jazini v. Nissan Motor Co., Ltd.,*
    148 F.3d 181, 184,186 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,*
    918 F.2d 1039 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*McCarthy v. Olin Corp.,*
    119 F.3d 148, 156 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Penn General Casualty Co. v. Pennsylvania,*
    294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 ( 1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Prozeralik v. Capital Cities Comm.*,
    82 N.Y.2d 466, 626 N.E.2d 34, 42 (N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Seneca Nation of Indians v. State of New York*,
    383 F.3d 45, 47 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

C:\Documents and Settings\JSaffer\Desktop\nortia mol.doc

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

*Stark Carpet Corp. v. M-Geough Robinson, Inc.*,
  481 F. Supp. 499, 507 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Taylor v. Carryl,*
  61 U.S. 583, 15 L.Ed. 1028 (1857) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*The Limited, Inc. v. McCrory Corp.,*
  564 N.Y.S.2d 751, (N.Y. App. Div. 1 Dept. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. v. Bank of New York & Trust Co.,*
  296 U.S. 463, 477, 56 S. Ct. 343, 347, 80 L.Ed. 331 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wolf v. Industrial Guaranty Bancorp,*
  281 So.2d 598, 599 (Fla. 3d DCA 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


Fed.R.Civ.P. 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 10, 11

Fed.R.Civ.P. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed.R.Civ.P. 19(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Fed.R.Civ.P. 19(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13


Section 302(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

## INTRODUCTION

This action involves a dispute over ownership of stock in Nortia (the "Nortia Stock"), as to which there are competing claims. This action should be dismissed for six primary reasons. First, this Court lacks personal jurisdiction over Nortia, which is a foreign corporation. Second, the Nortia Stock is presently in the registry of a court in Florida, pursuant to an interpleader action that was filed _prior to_ the filing of this action. Third, the Plaintiff has failed to join indispensable parties. Fourth, the Complaint fails to state a cause of action for negligence. Fifth, the Plaintiff's claims for punitive damages should be stricken. Sixth, the Plaintiff's claims for attorneys' fees should be stricken.

## ARGUMENT

**A.    This Court Should Dismiss the Complaint Due to a Lack of Personal Jurisdiction Over Nortia.**

Nortia makes a special and limited appearance in this action in order to move to dismiss the Complaint for lack of personal jurisdiction. However, without waiving this argument and submitting itself to the jurisdiction of this Court, Nortia will also move to dismiss the Complaint on other grounds in order not to waive those arguments. It should also be noted that it is well-settled that this Court is required to resolve the jurisdiction issue prior to addressing other bases for a motion to dismiss. _Arrowsmith v. United Press Int'l.,_ 320 F.2d 219, 221 (2d Cir. 1963).

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

### 1.    The Complaint Fails to Allege Any Facts Establishing This Court's Personal Jurisdiction Over Nortia, a Foreign Corporation.

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996). Further, unless the Plaintiff makes a *prima facie* showing of jurisdiction, Plaintiff may not even obtain discovery on the jurisdiction issue. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184,186 (2d Cir. 1998).

In *Jazini*, the plaintiffs made the conclusory allegations that the defendant, which was a foreign corporation, maintained a presence in New York through its wholly-owned subsidiary, which the foreign corporation controlled. *Id.*, at 183. In affirming the dismissal of the complaint for lack of personal jurisdiction, the Court in *Jazini* noted,

> "If the Jazinis' allegations were sufficient to establish a prima facie case of jurisdiction over Nissan Japan, and thus subject the latter to discovery - which the Jazinis stated at the district court hearing would be '[r]ather extensive' - it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts in New York, to make similar conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. This would require the federal courts to conduct substantial jurisdictional discovery over foreign corporations - a practice in which they have not hitherto engaged. We decline to require that step.
>
> We recognize that without discovery it may be extremely difficult for plaintiffs ... to make a prima facie showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York. That, however, is the consequence of the problems inherent attempting to sue a foreign corporation ... The rules governing establishment of jurisdiction over such a foreign corporation are clear and settled, and it would be inappropriate for us to deviate from them or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards." *Id.*, at 186.

2

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

The allegations of the Complaint in the case at bar are even more lacking than the conclusory allegations in the Complaint in *Jazini*. In the case at bar, the Complaint does not make <u>any</u> allegations, conclusory, specific, or otherwise, to establish this Court's personal jurisdiction over Nortia. In fact, to the contrary, in ¶9 and ¶12(b) of the Complaint, Plaintiff concedes that Nortia is a Nevada corporation with its principal place of business in Georgia. Accordingly, the Complaint should be dismissed, and Plaintiff should not be permitted to take any discovery on the jurisdiction issue.

    2.    **Plaintiff Cannot Establish Personal Jurisdiction Pursuant to CPLR §301.**

However, even if this Court were to undertake a factual analysis of the jurisdiction issue, it is quite clear that this Court does not have personal jurisdiction over Nortia.[1] As the United States Court of Appeals for the Second Circuit held in *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,* 918 F.2d 1039 (2d Cir. 1991),

> "Section 301, as construed by the New York courts, permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is 'engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction.' ... However, New York law requires that the defendant be present in New York '**not occasionally or casually**, but with a fair measure of permanence and continuity.'
>
> The test is a 'simple pragmatic one,' ... which is necessarily fact sensitive because each case is dependent upon its own particular circumstances ... The Court must therefore analyze a defendant's

---

[1] Under both federal question and diversity jurisdiction, New York state law applies to the determination of personal jurisdiction. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Arrowsmith v. United Press Int'l.,* 320 F.2d 219, 223 (2d Cir. 1963).

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

> connections to the forum state '**not for the sake of contact-counting**, but rather for whether such contacts show a continuous, permanent and substantial activity in New York.'

> In assessing jurisdiction under this pragmatic standard, New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York ... However, the '**[s]olicitation of business alone will not justify a finding of corporate presence in New York**.'" *Id.*, at 1043 (citations omitted) (emphasis added).

In *Landoil*, the Court found a lack of personal jurisdiction even where (1) representatives of the corporate defendants visited New York thirteen times over an eighteen-month period to both service existing clients and solicit new business; (2) the corporate defendants placed insurance risks through brokers located in New York nearly 160 times, including their sister company, for which they received commissions totaling nearly $4 million; and (3) the corporate defendants placed insurance on the London market for New York insurance brokers on sixteen different occasions. *Id.*, at 1041-1042.

In finding that these facts did not rise to the level of "substantial and continuous" business, the Court noted that although the defendants' visits to New York were by different employees and related to a number of different accounts, they were "sporadic" and of short duration. *Id.*, at 1045.

Similarly, in *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985), the Court found that the plaintiff failed to make a *prima facie* showing of personal jurisdiction even where (1) the defendant visited the plaintiff in New York fifty-four times over a ten-year period to discuss "virtually the entire range of" their business deal; (2) the defendant corresponded "extensively" with

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

the New York plaintiff, including sending the parties' contract executed by the defendant; and (3) the contract contained a venue provision designating New York as the venue for arbitration between the parties. *Id.*, at 57-58.

In deciding whether personal jurisdiction can be established, a court must consider the defendant's contact with the forum state over a period that is reasonable under the circumstances, up to and including the date the suit was filed. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 569 (2d Cir. 1996).

In the case at bar, as set forth in the Affidavit of William J. Bosso, the Chief Executive Officer of Nortia, Nortia's contacts with the State of New York are even more tenuous and sporadic than those of the defendants in *Landoil* and *Hoffritz for Cutlery*. [Exhibit A]. Some key facts set forth in the Affidavit are: (a) Nortia does not have any agents for service of process in the State of New York; (b) Nortia does not have any bank accounts in the State of New York; (c) Nortia does not own any real or personal property in the State of New York; and (d) Nortia has never paid taxes in the State of New York.

### 3.    Plaintiff Cannot Establish Personal Jurisdiction Pursuant to CPLR §302.

In order for this Court to exercise personal jurisdiction over Nortia pursuant to CPLR §302(a)(1), the "foreign defendant's transaction of business in New York must 'bear a substantial relationship to the transaction out of which the instant cause of action arose.' ... section 302(a)(1) ... requires 'a direct relation between the cause of action and the in-state conduct' as 'an important

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

condition of acquiring jurisdiction over the non-domiciliary defendant.'" *Beacon Enterprises, Inc.*

*v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983).

The only allegation in the Complaint in this action that is remotely relevant to that standard

is ¶14, which alleges that "In connection with the acts, conduct, and combinations alleged in this

Complaint, defendant, directly or indirectly, used the means and instrumentalities of interstate

commerce, including but not limited to, the mails, and telephone communications."

However, the allegations of ¶14 are not sufficient to establish personal jurisdiction over

Nortia for three reasons. First, the Complaint fails to specifically identify any of the alleged mail and

telephone communications. Second, the Complaint fails to allege that any of the "means and

instrumentalities" at issue were sent by Nortia into the State of New York. Third, even assuming

*arguendo* that such communications were specifically identified and were sent into the State of New

York, it is well-settled that "New York courts have consistently refused to sustain Section 302(a)(1)

jurisdiction solely on the basis of defendant's communication from another locale with a party in

New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983).

In addition, injury resulting to a plaintiff solely because she resides in New York is

insufficient to establish jurisdiction.  *Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp.

499, 507 (S.D.N.Y. 1980).  As the Court in *Stark* explained,

> "Section 302(a)(3) CPLR looks to the imparting of the original injury
> within the State of New York and not resultant damage, in order that
> jurisdiction might be effectuated. To hold otherwise would open a
> veritable Pandora's Box of litigation subjecting every conceivable
> prospective defendant involved in an accident with a New York
> domiciliary to defend actions brought against them in the State of
> New York. This is hardly the minimal contact with the State

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

prerequisite to the exercise of its power over a prospective defendant." *Id.*, at 508.

In sum, this Court does not have personal jurisdiction over Nortia, and the Complaint should be dismissed.

**B.    This Court Should Yield Jurisdiction to the Florida Court.**

**1.    Florida First Obtained Jurisdiction Over the Res.**

On February 14, 2008, Florida Atlantic Stock Transfer, Inc. ("FAST"), a stock transfer agent and a Florida corporation, filed an Interpleader Complaint before the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Florida Court") in a case styled *Florida Atlantic Stock Transfer, Inc. v. Robin L. Smith and Nortia Capital Partners, Inc.*, Case No. 08-06738 (21) (the "Florida Action") [Exhibit B]. The subject of the Florida Action is the dispute between Smith and Nortia regarding ownership of the Nortia Stock. [Id.]. Indeed, the Nortia Stock is presently physically located in the court registry of the Florida Court pursuant to the Florida Action. Notwithstanding the offensive and condescending opinion of James A. Prestiano, Esq. ("Prestiano"), counsel for Plaintiff, expressed during the April 24, 2008 telephonic conference with this Court, the Florida Court is entirely "competent" (to use Prestiano's language) to handle this "complex issue of securities law" (again, Prestiano's language).

The action before this Court was not filed until February 20, 2008, <u>six days subsequent to the filing of the Florida Action</u>. [D.E. 1]. This action is a dispute between the same parties with respect to the same Nortia Stock that is the subject of the Florida Action.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

A rule applicable to both federal and state courts is that the "court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other." *U.S. v. Bank of New York & Trust Co.,* 296 U.S. 463, 477, 56 S. Ct. 343, 347, 80 L.Ed. 331 (1935). This rule is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. *See id.* The rule also applies where suits are brought to marshal assets, administer or liquidate estates, and suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. *See id.*

If the two pending suits are in rem or quasi in rem, so that the court must have possession or control of the res in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. *See id.,* citing to *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 ( 1935). A suit against non-resident stockholders to determine ownership of certain shares of stock is a quasi-in-rem proceeding. *See Wolf v. Industrial Guaranty Bancorp,* 281 So.2d 598, 599 (Fla. 3d DCA 1973).

"This principle is applied in the discharge of the long-recognized duty of this court to give effect to such 'methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States of the Union, so that they may co-operate as harmonious members of a judicial system coextensive with the United States.'" *U.S. v. Bank of New York & Trust co.,* 296 U.S. 463, 477, 56 S. Ct. 343, 347, 80 L.Ed. 331 (1935), quoting *Taylor v. Carryl,* 61 U.S. 583, 15 L.Ed. 1028 (1857).

In the instant case, Plaintiff has demanded that this Court direct Nortia to cause FAST, the transfer agent which is a Florida corporation, to transfer the Nortia Stock into Plaintiff's name, and

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

cause Nortia to issue a new stock certificate to Plaintiff. [D.E. 1, ¶37]. However, as explained

above, the Nortia Stock at issue is being held in the registry of the Florida Court in an action that

was filed before the action before this Court was filed. Because Florida first obtained jurisdiction,

the jurisdiction of this Court should yield to the jurisdiction of the Florida Court and this action

should be dismissed.

>    **2.    Wise Judicial Administration and Convenience Require that this Court
>    Relinquish Jurisdiction.**

Should this Court determine that it has concurrent jurisdiction with the Florida Court, in

order to conserve judicial resources and allow a comprehensive disposition of the litigation, the

Florida Court should decide this matter. *See, Colorado River Water Conservation v. U.S.,* 424 U.S.

800, 817,  96 S.Ct. 1236, 1246,  47L.Ed.2d 483 (1976).  In assessing the appropriateness of

dismissal in the event of an exercise of concurrent jurisdiction, a federal court may consider such

factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation,

and the order in which jurisdiction was obtained by the concurrent forums.  *See id.* at 424 U.S. at

818, 96 S.Ct. at 1247.  No one factor is necessarily determinative, and a court should carefully

consider taking into account both the obligation to exercise jurisdiction and the combination of

factors counseling against that exercise.  *See id.*

In the instant case, the federal forum is inconvenient. Neither Nortia nor FAST is a New

York resident. Moreover, Nortia Stock is presently in the registry of the Florida Court, and is the

subject of an interpleader action before the Florida Court. The Florida Court is also not prohibited

from proceeding with the action filed before it. Should this case continue, there is the possibility that

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

two adverse judgments are entered.  Finally, the Florida Court was the first court to obtain jurisdiction. For these reasons, this Court should dismiss this action.

### C.    The Complaint Should Be Dismissed for Failure to Join Indispensable Parties.

In the event this Court does not dismiss the Complaint for the reasons set forth above, and is going to exercise jurisdiction over this action, then the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) and 19(b) for failure to join indispensable parties. A dismissal under Fed.R.Civ.P. 19(b) is reviewed under an abuse of discretion standard. *Seneca Nation of Indians v. State of New York*, 383 F.3d 45, 47 (2d Cir. 2004).

The instant action is a part of a larger global dispute. Matthew T. Henninger ("Henninger") is a former employee of Nortia. When it was discovered that Henninger had usurped a corporate opportunity belonging to Nortia, by taking a consulting contract for his own account without Nortia's authorization, the following tri-party agreement was formed: (1) Henninger would resign from his employment with Nortia; (2) Henninger would sell his stock in Nortia and Knight Energy Corp. ("Knight"), an affiliate of Nortia, to Advice Portfolio Mgt., GMBH ("Advice"), which is a German corporation and an investor in Nortia. The Nortia stock that Henninger agreed to sell to Advice includes the Nortia Stock that is the subject of this action. Further, Nortia acted as Advice's agent with respect to Advice's purchase of stock from Henninger; and (3) Nortia would agree not to sue Henninger for his usurpation of Nortia's corporate opportunity.

Plaintiff, Robin L. Smith ("Smith") conceded the existence of this dispute and agreement in ¶29-¶30 of her Complaint, where she referenced the fact that Nortia's counsel has money in escrow for the purchase of the Nortia Stock.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

Henninger is the live-in-boyfriend of Smith. Further, Henninger is the "Pledgor" that Smith coyly refers to in ¶15 of her Complaint. It is quite evident that in order to resolve the competing claims to the Nortia Stock, Henninger and Advice need to be joined as parties to this action.

Pursuant to Fed.R.Civ.P. 19(b)[2],

> "**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > **(1)**   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > **(2)**   the extent to which any prejudice could be lessened or avoided by:
> >
> > > **(A)**   protective provisions in the judgment;
> > >
> > > **(B)**   shaping the relief; or
> > >
> > > **(C)**   other measures;
> >
> > **(3)**   whether a judgment rendered in the person's absence would be adequate; and
> >
> > **(4)**   whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

Pursuant to Fed.R.Civ.P. 19(b), this action should be dismissed for five reasons. First, Advice cannot be joined pursuant to Fed.R.Civ.P. 19(a), because it is a German corporation not subject to the jurisdiction of this Court. Second, because Advice has a competing claim to the Nortia Stock, a judgment rendered in its absence would be prejudicial to Advice. Third, a judgment

---

[2] Fed.R.Civ.P. 12(b)(7) is specifically and explicitly based on Fed.R.Civ.P. 19.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

rendered in the absence of Advice would be prejudicial to Smith, because if Smith were to obtain

a judgment in her favor, Smith would still be subject to suit by Advice and/or an inconsistent

judgment issued by a court with jurisdiction over Advice.

Fourth, Smith has an adequate remedy if this action is dismissed for nonjoinder. Specifically,

Smith can and should participate in the Florida Action, where the Nortia Stock is in the registry of

the Florida Court. Fifth, because Henninger agreed to sell the Nortia Stock to Advice, and allegedly

also pledged the same stock as collateral for a loan from his live-in girlfriend, Smith, Henninger's

conduct is at issue, and the resolution of this action without his participation would be prejudicial

both to Henninger and those parties challenging his conduct.

The facts of this action are similar to those at issue in *Seneca Nation of Indians v. State of

New York*, 383 F.3d 45 (2d Cir. 2004), where the Court upheld the dismissal of the Complaint due

to the failure to join an indispensable party. In *Seneca Nation*, the Seneca Nation of Indians tribe

(the "Tribe") entered into an easement with the State of New York, through the New York State

Thruway Authority (the "Authority"). *Id.*, at 47.

The Tribe subsequently filed suit against the Authority seeking to invalidate the easement.

*Id.* However, the Tribe did not join the State of New York as a party to the suit. *Id.* The Court held

that the State of New York was a necessary party to the suit pursuant to Fed.R.Civ.P. 19(a), due to

the fact that it was the real party in interest to the easement. *Id.* However, because the State of New

York could not be joined as a party to the suit pursuant to the doctrine of sovereign immunity, the

Court dismissed the action for failure to join an indispensable party pursuant to Fed.R.Civ.P. 19(b).

*Id.*, at 48.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

In particular, the Court noted that "a judgment in the absence of the State as a party to the adjudication would be 'meaningless.'" *Id.* Here, too, a judgment in the absence of Advice and Henninger would be meaningless, as the Nortia Stock is part of a larger transaction and dispute in which Advice has a claim to the Nortia Stock in direct conflict with Smith's alleged claim thereto. However, because this Court lacks jurisdiction over Advice, a German corporation, this case should be dismissed.

**D.    The Complaint Fails to State a Cause of Action for Negligence.**

**1.    Standard for Motion to Dismiss.**

It is well-settled that "a plaintiff's allegations, accepted as true, must be sufficient to establish liability ... bald assertions and conclusions of law will not suffice." *Amron v. Morgan Stanley Investment Advisors, Inc.,* 464 F.3d 338, 344 (2d Cir. 2006). Measured against this standard, Plaintiff's claim for negligence should be dismissed for the reasons set forth below.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

> **2.**    **The Complaint Fails to Allege Facts Establishing the Existence of a Legal Duty Owed by Nortia to the Plaintiff.**

In order to state a cause of action for negligence, the Plaintiff must allege that: (1) the **Defendant owed the Plaintiff a "'duty, or obligation, recognized by law'**, (2) a breach of the duty, (3) a 'reasonably close causal connection between [defendant's] conduct and the resulting injury' and (4) loss or damage resulting from the breach." *See, McCarthy v. Olin Corp.,* 119 F.3d 148, 156 (2d Cir. 1997) (citation omitted) (emphasis added). Further, **"In the absence of a duty, as a matter of law, no liability can ensue."** *Id.* (emphasis added).

In ¶52 of the Complaint, Plaintiff alleges that "[i]t is submitted that the defendant had a duty to transfer shares of its stockholders upon due request in accordance with **applicable laws**." (emphasis added). However, Plaintiff has failed to identify the "applicable laws" giving rise to Nortia's alleged duty to transfer shares to Plaintiff. Thus, this Court should dismiss the negligence claim.

In the alternative, this Court should require Plaintiff to provide a more definite statement and identify the "applicable laws" giving rise to Nortia's alleged duty to Plaintiff. Pursuant to Fed.R.Civ.P. 12(e), "party may move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion ... must point out the defects complained of and the details desired."

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

3.      **The Allegations of Recklessness Should Be Stricken Because Recklessness is Not an Element of Negligence.**

Count IV of the Complaint is for "neglgence" [sic]. In ¶54 and ¶55 of the Complaint, Plaintiff alleges that Nortia was "reckless." However, recklessness is not an element of negligence. *McCarthy v. Olin Corp.,* 119 F.3d 148, 156 (2d Cir. 1997). Accordingly, any and all allegations of reckless conduct in this count should be stricken.

E.      **Plaintiff's Demand for Punitive Damages Should be Stricken.**

Punitive damages may only be awarded "where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime." *Prozeralik v. Capital Cities Comm.,* 82 N.Y.2d 466, 626 N.E.2d 34, 42 (N.Y. 1993), quoting (Prosser and Keeton, Torts § 2, at 9 [5th ed. 1984]). Where a complaint fails to allege wrongdoing directed at the general public or egregious culpable conduct, dismissal of claims for punitive damages is proper. *See, The Limited, Inc. v. McCrory Corp.,* 564 N.Y.S.2d 751, (N.Y. App. Div. 1 Dept. 1991). Moreover, as a matter of law, negligence is not intentional. *McCarthy v. Olin Corp.,* 119 F.3d 148, 156 (2d Cir. 1997).

In ¶29 and ¶30 of the Complaint, and as set forth in more detail in Section C *supra*, which is hereby incorporated by reference, the Nortia Stock is a portion of a larger global dispute involving the parties to this action and another individual and entity that are indispensable parties to this action. Indeed, as even Plaintiff conceded in ¶30 of the Complaint, Nortia placed money in escrow for the purpose of purchasing the Nortia Stock. This bona fide dispute, in which Nortia's investor

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

is actually a bona fide good faith purchaser for value of the Nortia Stock, cannot form the basis of a claim for punitive damages. Plaintiff will not be able to cite one single case to the contrary.

Because Plaintiff has failed to allege that Nortia's conduct was directed at the public or that its conduct was egregious, and because Plaintiff is seeking punitive damages in the negligence count, where intentional conduct is not an element, Plaintiff's claim for punitive damages should be stricken.

### F.    Plaintiff Lacks Any Basis in Law or Contract to Make a Demand for Attorney's Fees.

Both New York and Federal courts follow the American Rule that attorney's fees and disbursements are incidents of litigation and a prevailing party may not collect them from the loser unless such award is authorized by agreement, statute or court rule. *See, Jackson v. Oppenheim,* 533 F.2d 826, 831 (2d Cir. 1976); *Gaisi v. Gaisi,* 852 N.Y.S.2d 394, 395 (N.Y. App. Div. 2nd Dept., 2008). The Complaint has failed to allege, and indeed the Plaintiff does not have, any basis in contract, statute, or court rule to seek attorney's fees. Accordingly, any and all demands for attorney's fees should be stricken.

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendant, Nortia Capital Partners, Inc.,

respectfully requests that this Court dismiss the Complaint, or in the alternative, Order a more

definite statement and strike (1) the demands for attorneys' fees and punitive damages; and (2) the

allegations of reckless conduct.

Respectfully submitted,

*s/Jennifer L. Saffer*
Jennifer L. Saffer (JS8015)
J.L.Saffer, P.C.
20 Vesey Street, 7th Floor
New York, New York 10007
Tel.: 212-608-6968
Fax: 212-608-1878
jlsaffer@jlsaffer.com

-AND-

*s/ Craig A. Rubinstein*
Craig A. Rubinstein (CR2533)
Katzman, Wasserman,
  Bennardini & Rubinstein, P.A.
7900 Glades Road, Suite 140
Boca Raton, Florida 33434
Tel.: (561) 477-7774
Fax: (561) 477-7447
car@kwblaw.com

*Attorneys for Nortia Capital Partners, Inc.*

Smith v. Nortia Capital Partners, Inc.
CASE NO. 08 CV 01692 (NRB) (DF)
Motion to Dismiss Complaint

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by ECF to James A. Prestiano, Esq., 631 Commack Road, Suite 2A, Commack, New York, 11725, this 7th day of May, 2008.

_____/s/_____
Jennifer L. Saffer (JS8015)
J.L.Saffer, P.C.
20 Vesey Street, 7th Floor
New York, New York 10007
Tel.: 212-608-6968
Fax: 212-608-1878
jlsaffer@jlsaffer.com

C:\Documents and Settings\JSaffer\Desktop\nortia mol.doc

18